REGAN, Judge.
Plaintiff, Louise Francis Shorty, as natural tutrix of the minor, Stella Louise Shorty, instituted this suit on her behalf against the defendants, Tom Hicks Transfer Co.,[1] its insurer, the Travelers Indemnity Company, and Floyd Thomassie, a truck driver employed by the transfer company, endeavoring to recover the sum of $15,275, representing personal injuries and medical expenses incurred by the minor as the result of being injured when struck by the right rear wheels of a trailer drawn by a tractor as it executed a right turn from Fourth Street into Peters Road; these thoroughfares are located in Jefferson Parish, Louisiana.
Defendants answered and denied liability for the injuries incurred by the minor as a result of the accident and asserted that the operator of the truck was not guilty of any negligence in the premises and in the alternative pleaded the contributory negligence of the minor in leaving the safety of the sidewalk and then running between the tractor and its trailer.
From a judgment in favor of the defendants dismissing plaintiff’s suit, she has prosecuted this appeal.
The record reveals that on July 20, 1955, at about 8:40 a. m. Stella Louise Shorty, 13 years of age, was struck by the right front wheels of a trailer drawn by a tractor which was operated by Floyd Thomas-sie, causing the injuries that form the subject matter of this suit.
Plaintiff’s witnesses in substance testified that Stella Louise Shorty, Lillie Coleman, and Mary Louise Collins were walking on the left side of Fourth Street in the general direction of the Harvey Canal. These three persons crossed Peters Road hurriedly; and when they had arrived on the shoulder of Peters Road, Stella Louise Shorty was struck by the “back part of the *115 trailer” as the tractor made a sharp right turn into Peters Road from Fourth Street. Plaintiff’s witnesses also related that the rear wheels of the trailer were approximately three feet removed from the paved portion of Peters Road and rested on the shoulder thereof.
The defendants’ witnesses testified that Stella Louise Shorty had completed the crossing of Peters Road and then turned and ran back into the path of the front wheels of the trailer.
Thomassie in explanation of the foregoing conclusion related that as he executed a right turn into Peters Road he stopped to permit Stella and one of her companions to cross the street but that the adult who accompanied them remained on the left side of Peters Road and in response to a call from this woman Stella turned and ran into the right front wheels of the trailer which was then moving at a speed of approximately 10 to 15 miles per hour. Thomassie finally related that after the occurrence of the accident the rear wheels of his trailer were only slightly off the paved portion of Peters Road.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted, in substance, defendants’ version of the manner in which the child was injured and therefore concluded :
“ * * * had the minor child, Stella Louise Shorty, remained at a point of safety behind the telephone post that she had assumed after having originally crossed the path of the truck no accident would have occurred, but because of an unknown reason she desired to retreat to her former position and in so doing she was negligent and the driver of said truck not being in a position to ascertain the motives of said child, after having once passed, was free from fault in causing said accident.”
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous or unsupported by the evidence as to warrant reversal by us. We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge in substance accepted the defendants’ version thereof, and our analysis of the record convinces us that the evidence preponderates in their favor, and the judgment is therefore correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Tom Hicks conducted Ms business under the trade name of Tom Hicks Transfer Company.